**FILED**

**MAY 2 7 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RHETT LUCAS, )
225 Nickelson St. )
Washington, DC 20011 )
 )
             **PLAINTIFF,** )   Civil Action No. 1:05CV_____
 )
vs. )
 )
**GEICO INSURANCE CO.,** )
SERVE: REGISTERED AGENT )
JOHN DAHUT )
962 WAYNE AVENUE, SUITE 200 )   CASE NUMBER   1:05CV01079
SILVER SPRING, MARYLAND 20910 )
 )   JUDGE: Ellen Segal Huvelle
and )
 )   DECK TYPE: Personal Injury/Malpractice
**ABDULAZIZ MOHD YAACOB,** )
SERVE: GEICO INSURANCE COMPANY)   DATE STAMP: 05/27/2005
JOHN DAHUT )
962 WAYNE AVENUE, SUITE 200 )
SILVER SPRING, MARYLAND 20910 )
 )
and )
 )
**JOHN DOE, (PERMISSIVE DRIVER),** )
SERVE: GEICO INSURANCE COMPANY)
JOHN DAHUT )
962 WAYNE AVENUE, SUITE 200 )
SILVER SPRING, MARYLAND 20910 )
 )
and )
 )
**LIBERTY MUTUAL INS. CO.,** )
(UNINSURED CARRIER) )
SERVE: REGISTERED AGENT )
C.T. CORPORATION SYSTEM )
1015 15th ST., N.W., SUITE 1000 )
WASHINGTON, DC 20005 )
 )
             **DEFENDANTS.** )
_____)

# COMPLAINT

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this action pursuant to Federal Direct Action Statute, 28 U.S.C. § 1364, and based on diversity jurisdiction, 28 U.S.C. § 1332.

2. This court has personal jurisdiction over Defendants, as the acts causing tortious injury, which give rise to this action, were committed in the District of Columbia.

3. Venue is proper as the acts which give rise to this action occurred within the judicial district in which the complaint is being filed.

## PARTIES

4. Plaintiff, Rhett Lucas, is an adult male who is a resident and citizen of the District of Columbia.

5. Defendant Abdulaziz Mohd Yaacob (herinafter "Yaacob") is a citizen of the Country of Malaysia, and was an employee of the World Bank, while living in Arlington, Virginia, at the time of the automobile collision which is the basis for this action (hereinafter "collision").

6. Defendant John Doe is the person Defendant Yaacob willing gave the keys and control of the vehicle owned by Defendant Yaacob (hereinafter "Defendant's vehicle"), which was involved in the collision.

7. Defendant GEICO Insurance Company (hereinafter "GEICO") is a corporation licensed to do business in the District of Columbia.

8. Defendant GEICO was the liability insurance carrier of Defendant's vehicle at the time of the collision, pursuant to an automobile insurance policy it had issued, within the regular course of business, to Defendant Yaacob.

9. Defendant Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") is a corporation licensed to do business in the District of Columbia.

10. Defendant Liberty Mutual was the uninsured insurance carrier of the vehicle being driven by Plaintiff (hereinafter "Plaintiff's vehicle") at the time of the collision, pursuant to an automobile insurance policy it had issued, within the regular course of business, to Plaintiff's uncle, Ben E. Walker, Jr.

## FACTUAL BACKGROUND

11. On July 2, 2002, in Washington, D.C., at approximately 4:19 p.m., Plaintiff was struck as he traveled Southbound on the 1100 block of Sixth Street, N.E., by an unidentified driver traveling Eastbound on the 700 Block of L Street, N.E.

12. The unidentified driver ran Defendant's vehicle through a stop sign at the intersection of L Street and Sixth Streets, N.W., immediately prior to striking Plaintiff.

13. Defendant's vehicle was a Dodge Caravan with a red, white and blue District of Columbia Diplomatic tag bearing the identification letters and numbers "DBW 122."

14. Defendant's vehicle was titled to Defendant Yaacob, a diplomatic employee at the World Bank who was from the country of Malaysia.

15. Defendant Yaacob was insured by Defendant GEICO under automobile policy number 48990740 through the Office of Foreign Missions Diplomatic Motor Vehicle Office with the Department of State.

16. Defendant Yaacob left Defendant's vehicle in the care and control of an unnamed person who is referred to in this complaint as Defendant John Doe.

17. Defendant John Doe had permissive use of Defendant Yaacob's vehicle on the date of the collision, July 2, 2002.

18. Either Defendant Yaacob or Defendant John Doe was driving Defendant's vehicle when it struck Plaintiff.

19. Defendant Yaacob or Defendant John Doe fled the scene of the accident prior to police arriving.

20. In November 2002, Defendant Yaacob fled to his country of Malaysia.

21. Plaintiff's vehicle was insured by Defendant Liberty Mutual under automobile policy number AO2-231-972045-00.

22. Plaintiff was a permissive driver of Plaintiff's vehicle on July 2, 2002, the date of the collision.

23. Defendant Liberty Mutual's policy on Plaintiff's vehicle included uninsured motorist's coverage and underinsured motorist coverage.

## CLAIM

24. Plaintiff restates and realleges each and every allegation set forth above as it fully set forth herein.

25. Defendants Yaacob and John Doe had a duty to operate Defendant's vehicle in a careful and prudent manner, so as to avoid striking Plaintiff's vehicle. Defendants further had a duty to keep a proper lookout and to keep Defendant's vehicle under proper control at all times, and to give full time and attention to the operation of Defendant's vehicle, and to obey all applicable traffic regulations, laws, signs and signals.

26. Notwithstanding the above-referenced duties, and in breach of such duties, Defendant Yaacob or John Doe did fail to operate Defendant's vehicle in a careful and prudent manner so as to avoid striking Plaintiff's vehicle. Defendant Yaacob or John Doe failed to keep Defendant's vehicle under proper control at all times, and failed to give full time and

attention to the operation of Defendant's vehicle and failed to obey all applicable traffic regulations, laws, signs and signals.

27. Defendant Yaacob or John Doe negligently ran a stop sign and struck Plaintiff's vehicle.

28. The collision was solely due to the negligence of the Defendant Yaacob or Defendant John Doe for failing to exercise due care and maintain a proper lookout to avoid a collision.

29. The collision occurred without any negligence or want of due care on the part of Plaintiff, thus Plaintiff neither directly nor indirectly contributed to the automobile collision.

30. As a direct and proximate result of Defendant Yaacob or Defendant John Doe, Plaintiff sustained serious and painful injuries.

31. Plaintiff, as a result of his injuries, has suffered and continues to suffer.

32. Plaintiff, as a result of his injuries, has incurred medial bills in excess of one hundred thousand dollars ($100,000.00).

33. Defendant GEICO is responsible for compensating Plaintiff, up to one hundred thousand dollars ($100,000.00) for the damages he incurred due to the negligence of Defendant Yaacob or Defendant John Doe, a permissive driver.

34. Defendant GEICO has taken the position that neither Defendant Yaacob nor a permissive driver, with Defendant Yaacob's consent to operate Defendant's automobile, was the driver of Defendant's vehicle when the collision with Plaintiff occurred.

35. Defendant Liberty Mutual is responsible for compensating Plaintiff for the damages he incurred, up to one hundred thousand dollars ($100,000.00), pursuant to it policy covering Plaintiff's vehicle, based either on uninsured motorist coverage or underinsured motorist coverage.

**WHEREFORE**, Plaintiff, Rhett Lucas, demands judgment against Defendants Abdulaziz Mohd Yaacob and John Doe in the amount of one million dollars ($1,000,000.00), judgment against GEICO Insurance Company in the amount of one hundred thousand dollars ($100,00.00) and judgment against Liberty Mutual Insurance Company in the amount of one hundred thousand dollars ($100,000.00), for compensatory damages, and fees and costs associated with this action, including attorney's fees, and such other and further relief as may be just and proper.

Respectfully Submitted,

_____
Curtis C. Osborne, DC Bar# 467241
Law Offices of Curtis C. Osborne, P.C.
310 Arlington Ave., Suite 218
Charlotte, NC 28203
704/376-8012
704/376-4463 (fax)
Attorney for Plaintiff