UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAWN WILSON-FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>ABDULAZIZ MOHD YAACOB, *et al.*,<br><br>Defendants. | Civil Action No. 03-1466<br>DAR |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the Court for a bench trial on May 2-3, 2005. Upon consideration of the evidence adduced at trial;* the arguments of counsel; the proposed findings of fact and conclusions of law (Docket Nos. 38, 39) and the entire record herein, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Plaintiff, Dawn Wilson-Freeman, was struck on July 2, 2002 by a Dodge Caravan, which was driven by an unidentified person, while she was walking across the street at First and K Streets, N.E.. Def. Exhs. 2, 3, 4. The driver of the vehicle continued without stopping and subsequently hit another vehicle. *Id.* Plaintiff sustained serious injuries as a result of the accident. *Id.* The unidentified driver fled the scene of the pedestrian and vehicular accident. *Id.* At the time the unidentified driver fled, the driver's door of the vehicle was

---

* The parties stated on the record that they have executed a stipulation as to damages but the stipulation does not appear on the court's docket; and it does not appear that it was moved or admitted into evidence by either party. The stipulation, according to Defendant, provided that the parties agreed that Plaintiff's claim against GEICO, pursuant to 28 U.S.C. § 1364, was for liquidated damages, the GEICO insurance policy liability limit of $100,000. Defendant's Proposed Findings of Fact & Conclusions of Law at 1.

Wilson-Freeman v. Yaacob, et al.

open, the engine was running, the ignition was punched and, the steering column/ignition component and a screwdriver were on the floor of the vehicle. *Id.*; Tr. at 35.

2. Abdul Aziz Mohd Yaacob is the owner of said vehicle, but was not the operator at the time of the hit-and-run accident. Mr. Yaacob was never served in this matter, and GEICO was substituted as the party Defendant. Def. Exhs. 1, 2; Pl. Exhs. 1-3.

3. Mr. Yaacob was insured with GEICO through the Office of Foreign Missions Diplomatic Motor Vehicle Office at the Department of State at the time of the accident. He was also employed as a diplomat with the World Bank. *Id.*

4. Mr. Yaacob was out of the country at the time of the accident. He did not give the unidentified driver permission to drive his vehicle at the time of the accident which seriously injured Plaintiff. Def. Exhs. 5-6, 9-10; Pl. Exhs. 1-3.

5. Mr. Yaacob left the keys to his vehicle in the care and control of Kamel Mohammad. Def. Exh. 5-6, 9-10; Pl. Exh. 2.

## Conclusions of Law

**A. General Propositions of Law**

1. Plaintiff's amended complaint alleges that pursuant to the direct action statute, 28 U.S.C. § 1364, GEICO, as the liability carrier for an individual with diplomatic immunity, can be sued for up to the policy limits.

2. During the trial, Plaintiff relied on the Motor Vehicle Safety Responsibility Act, D.C. Code Ann. § 50-1301.08. That statute provides that a plaintiff has the initial burden of

Wilson-Freeman v. Yaacob, et al.

establishing a prima facie case in which she must demonstrate proof of ownership at the time of the accident, and that the person operating the vehicle had the consent of the owner.

3. The statute creates a rebuttable presumption in which the burden shifts to the defendant to proffer uncontradicted and conclusive evidence that the operator of the vehicle did not have the owner's consent to operate the vehicle.

**B. Plaintiff's Prima Facie Case and Defendant's Burden of Persuasion**

4. Plaintiff has met her burden of establishing a prima facie case that the accident occurred, that Mr. Yaacob was the owner of the vehicle which was insured by GEICO, and that the operator of the vehicle had the consent of Mr. Yaacob to operate the vehicle.

5. The Defendant has likewise met its burden by presenting credible evidence through the testimony of Metropolitan Police Department Officer Wayne Stancil, who was one of the first law enforcement officers on the scene. Officer Stancil's testimony was credible and demonstrated that the vehicle in fact had indicia of being stolen because the operator fled the scene immediately after the pedestrian accident and the vehicular accident; the ignition was punched; the door was left open; the engine was running; the column of the steering wheel was damaged; and a screwdriver was on the floor of the vehicle.

6. Plaintiff failed to rebut this evidence by direct or circumstantial evidence from which the trier of fact could reasonably have inferred that the driver of the vehicle had the consent of the owner to drive it. Plaintiff, at the close of Defendant's case in chief, failed to present any rebuttal witnesses and simply relied on Plaintiff's prima facie case.

Wilson-Freeman v. Yaacob, et al.

7. The Court also finds the testimony of Deryl Green and Annette Bennett, who were called by GEICO, to be credible. Mr. Green, a State Farm representative, testified that he investigated the claim because the Plaintiff was insured with State Farm at the time of the accident, and that she applied for personal injury and uninsured motorist coverage because the operator of the vehicle fled the scene of the accident. Mr. Green also testified that the investigation revealed that the Plaintiff was entitled to the uninsured motorist protection benefits because the vehicle was stolen. Mr. Green stated that he based his findings on the discussion with police officers, the police reports, discussions with GEICO, and the representations of Plaintiff's counsel.

8. Ms. Bennett, a GEICO claims representative, testified that she attempted to contact Mr. Yaacob in order to fully investigate Plaintiff's claim but was unsuccessful because he left the country and did not return to the United States.

9. Plaintiff failed to present evidence of her efforts to serve subpoenas on Mr. Mohammed or any witness in the matter that would have been part of her rebuttal.

10. For these reasons, the Court concludes that Defendant has sufficiently rebutted the presumption of consent pursuant to the Motor Vehicle Safety Responsibility Act, D.C. Code Ann. § 50-1301.08. A separate Order and Judgment consistent with these Findings of Fact and Conclusions of Law shall issue this date.

February 17, 2006                                   /s/
                                                    DEBORAH A. ROBINSON
                                                    United States Magistrate Judge

Wilson-Freeman v. Yaacob, et al.

Civil Judgment (Rev. DC 04/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAWN WILSON-FREEMAN

Plaintiff(s)

v.

ABDULAZIZ MOHD YAACOB, et al,

Defendant(s)

Civil Action No. 03-1466 (DAR)

FILED

FEB 1 7 2006

NANCY MAYER WHITTINGTON
U.S. DISTRICT COURT

## JUDGMENT FOR DEFENDANT GEICO

This cause having been tried by the Court, before the Honorable _____Deborah A. Robinson_____, Judge presiding, and the issues having been duly tried, now therefore, pursuant to the verdict,

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff:

takes nothing on the complaint against the defendant GEICO;

and that the said defendant GEICO have and recover cost from the said plaintiff.

NANCY MAYER-WHITTINGTON, Clerk

Date: _____February 17, 2006_____   By: _____
Timothy Bradley, Deputy Clerk