UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAWN WILSON-FREEMAN | : | |
| Plaintiff | : | |
| vs. | : | Case No. 1:03CV01466 |
| | : | Magistrate Judge Robinson (DAR) |
| MR. ABDULAZIZ MOHD YAACOB, et al. | : | |
| | : | Next Event: Trial |
| Defendants | : | 5/2/05 @ 9:30 a.m. |

**DEFENDANT GEICO INSURANCE COMPANY'S PROPOSED**
**FINDINGS OF FACT & CONCLUSIONS OF LAW**

COMES NOW the defendant herein GEICO INSURANCE OMPANY, by and through counsel, Martell, Donnelly, Grimaldi & Gallagher and submits the following Proposed Findings of Fact and Conclusions of Law:

1. As a preliminary matter, this case involves a claim of personal injuries arising out of a July 2, 2002 automobile accident at First & K Streets, N.E. in the District of Columbia, involving the plaintiff Dawn Wilson-Freeman as a pedestrian, and a vehicle owned by Abdul Aziz M. Yaacob. The parties, by written Stipulation filed with the Court on the morning of Trial, May 2, 2005, agreed that the non-jury triable issue involved only liability, stipulating that plaintiff's claim against GEICO, pursuant to Title 28 USC §1364, was for liquidated damages, the GEICO insurance policy liability limit of $100,000. Accordingly, the case proceeded to Trial on the issue of liability only as to defendant GEICO, pursuant to Title 28 USC §1364.

2. The undisputed facts establish that Abdul Aziz Yaacob, on July 2, 2002 was the title owner of a Dodge Caravan vehicle, License Plate DBW122, and a foreign diplomat attached to the World Bank and temporarily residing in Arlington, Virginia; pursuant to Title 28 USC §1364, GEICO as the insurer of the vehicle pursuant to Policy No. 489 90 75-0 was substituted as defendant to the extent of GEICO's contracted limit of liability, due to the insured's diplomatic immunity.

3. Pursuant to Title 50 of the D.C. Code, §1301, the District of Columbia Motor Vehicle Safety Responsibility Act, the operator of a vehicle involved in a motor vehicle accident in the District of Columbia is presumed to be operating the vehicle with the consent, expressed and/or implied of the owner and by operation of law, the burden of proving non-consent rests with defendant after plaintiff establishing a prima facie case.

The plaintiff's prima facie case in this matter was established by plaintiff placing in evidence the Complaint, Defendant's Answer, and Defendant's Pretrial Statement, and Defendant's Answers to Interrogatories, establishing for the Court, the date and time of the accident, the plaintiff involved, the vehicle of the defendant Yaacob involved, liability insurance coverage and the undisputed negligence of the tortfeasor operator as proximate cause of plaintiff's injuries and damages. Thus, a prima facie case was established and the defense had the burden of proof, based upon a fair and reasonable preponderance of the evidence that the automobile title owner Yaacob had not given consent/'permission to the operator of the vehicle at the time of the accident, and that accordingly, pursuant to D.C. Law and the language of the GEICO insurance policy, that GEICO would not be liable and required to respond in money damages.

The defense's evidence in the case included ten exhibits, (1) GEICO's insurance policy, (2) State Farm's claim file material (insured Dawn Wilson-Freeman, Claim No. 20-5533-876), (3) a District of Columbia PD10 Report No. 098-192, (4) a District of Columbia PD10 Report No. 098-212, (5) a recorded statement of Kamel Mohamad (July 8, 2002), (6) a recorded statement of Abdulaziz Yaacob, (7) World Bank file material and Certificate of Title, (8) State Farm letter-lien/subrogation, (9) portions of the State Farm Claim File, A Log entries, (10) the GEICO claim file materials and additionally, testimony from witnesses Officer Stancil, Officer Coligan, Darryl Green of State Farm Insurance Company, and Annette Bennett of GEICO Insurance Company.

The Court finds the exhibit evidence and testimony of the witnesses to be credible and makes the following Findings of Fact:

(A)   On July 2, 2002 a motor vehicle owned by defendant Yaacob struck the plaintiff, a pedestrian, at the intersection of First and K Streets, N.E., while plaintiff was in the crosswalk and crossing the street lawfully.  The vehicle proceeded for another one block and was in a collision with another vehicle in the 500 block of L Street, N.E., Washington, D.C. at which time the operator of the Yaacob vehicle fled the scene.

(B)   A Metropolitan Police Department investigation of the accidents, as testified to by Officers Coligan and Stancil, establish that the steering column/ignition component of the Yaacob vehicle was punched, the column broken, and the car abandoned at the scene with the door open, the car running, no key present, with a screwdriver on the floor.

The Police Department PD10 Report refers to the vehicle as stolen at the time of the accident.

The testimony of the GEICO representative Annette Bennett and the exhibits of defendant established by a fair preponderance of the evidence, that at the time of the accident Yaacob was out of the country, back in Malaysia, that his friend Kamel Mohamad had a key to the vehicle, had started the engine of the vehicle on July 1, 2002 at Yaacob's apartment parking space in Virginia, that all keys to the vehicle were accounted for, that the vehicle was reported to GEICO as stolen upon Yaacob's return to the country, July 15, 2002, that GEICO investigated the matter, obtaining statements and police reports, and concluded that, at the time of the accident, the vehicle was being operated without consent/permission, and was in fact stolen by unknown person or persons.

The witness Darryl Green, a representative of State Farm Insurance Company, testified that plaintiff, a State Farm insured, had contracted for State Farm uninsured motorist coverage and, by counsel, made an uninsured motorist claim arising out of the accident, asserting that the colliding vehicle was uninsured at the time of the accident; State Farm made an investigation of the matter and concluded that the vehicle was uninsured at the time of the accident, a stolen vehicle, and UM uninsured motorist benefits were paid to plaintiff by State Farm Insurance Company.

(C)   The Court, sitting as the trier of fact and law, concludes that the defense evidence was credible and persuasive, established that the vehicle was stolen, and at the time of the accident operated by an individual without the consent and/or permission of the title owner, and that factually, the presumption of consent was rebutted by the

defense evidence.

## **CONCLUSIONS OF LAW**

This matter was before the Court for a non-jury Trial on the issue of consent pursuant to Title 50-1301 as the District of Columbia.

Plaintiff established a prima facie case by offering evidence of the accident, ownership of the vehicle, and the substitution of GEICO as the party defendant pursuant to Title 28 USC §1364.

Pursuant to the Motor Vehicle Safety Responsibility Act (Title 50-1301), the defendant had the burden of establishing facts sufficient to rebut the presumption of consent.

The defense evidence as outlined above, was credible and factually sufficient to rebut the presumption of consent, establishing factually that the vehicle was stolen and operated at the time of the accident by an unknown person without consent, expressed or implied, of the owner.

WHEREFORE, this Court enters Judgment in favor of defendant GEICO, along with costs of the defense of this action.

_____
HONORABLE DEBORAH A. ROBINSON
MAGISTRAGE JUDGE


cc:     David F. Grimaldi, Esquire
        Martell, Donnelly, Grimaldi & Gallagher, P.A.

1900 L Street, N.W., Suite 401
Washington, D.C. 20036

Donna Barnes Duncan, Esquire
P. O. Box 5332
Gaithersburg, Maryland 20882

Donald B. Terrell, Esquire
P. O. Box 60863
Washington, D.C. 20039