UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RHETT LUCAS,**<br><br>    Plaintiff,<br><br>    v.<br><br>**GEICO INSURANCE CO.** *et al.,*<br><br>    Defendants. | Civil Action No. 05-1079 (JMF) |

**MEMORANDUM ORDER**

This case was referred to me, upon consent of the parties, for all purposes including trial. Currently pending for resolution is <u>Defendant Geico's Motion for Summary Judgment</u> [#23]. For the reasons stated herein, it is, hereby, **ORDERED** that defendant's motion is **DENIED without prejudice**.

**I.    BACKGROUND**

This personal injury action, brought by plaintiff Rhett Lucas, arises out of an automobile accident that occurred on July 2, 2002 near the intersection of 6th Street, NE, and L Street, NE, in the District of Columbia. The same automobile accident resulted in another personal injury action, also brought in this Court, by Dawn Wilson-Freeman. <u>See</u> <u>Wilson-Freeman v. Yaacob, et al.</u>, No. 03-1466 (herein after the "Wilson-Freeman case"). The owner of the vehicle that allegedly caused the accident was insured by Geico.

A bench trial was held in the Wilson-Freeman case in August 2005 before Magistrate Judge Deborah Robinson. On February 2006, Judgment was entered in Geico's favor because

there was sufficient evidence that the driver of the vehicle did not have the owner's consent. Specifically, Judge Robinson found that Geico had "sufficiently rebutted the presumption of consent pursuant to the Motor Vehicle Safety Responsibility Act, D.C. Code Ann. § 50-1301.08" by presenting the testimony of Metropolitan Police Department Officer Wayne Stancil that "the vehicle in fact had indicia of being stolen because the operator fled the scene immediately after the pedestrian accident and vehicular accident; the ignition was punched; the door was left open; the ignition was running; the column of the steering wheel was damaged; and a screwdriver was on the floor of the vehicle." Wilson-Freeman, No. 03-1466, Findings of Fact and Conclusions of Law at ¶¶ 5, 10 (Feb. 17, 2006).

In the present lawsuit, Geico moves for summary judgment on the ground that there are no disputed facts and that Judge Robinson's decision in the Wilson-Freeman case is "dispositive of the issue presented in this litigation," specifically, whether the driver of the vehicle had the owner's consent. Memorandum of Points & Authorities ("Defs. Mem.") at 2-3. In further support of its motion, Geico states that co-defendant Liberty Mutual Insurance Company ("Liberty Mutual") consents to the motion and plaintiff does not oppose it. Id. at 3.

## II.   DISCUSSION

Liberty Mutual's consent and Lucas's lack of opposition is of no consequence because Geico has not shown that it is entitled to summary judgment in the first place. Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on a motion for summary judgment, a defendant must show that the plaintiff

"fail[ed] to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case, and on which [the plaintiff] will bear the burden of proof at trial." [Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986).](#) In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor. [Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).](#) Here, Geico did not provide any support of its factual assertions nor did it provide any argument as to why Lucas should be bound by the findings of a prior lawsuit to which he was not a party.

Under this Court's Local Rules, a party moving for summary judgment must provide "a statement of material facts as to which that party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LcvR 56.1. Geico failed to provide such a statement. Instead, Geico merely attached the proposed findings of fact and conclusions of law that it submitted in the Wilson-Freeman case. See Defs. Mem., Exh. B. Geico asserts that these "proposed findings of fact" constitute "a statement of material facts not in issue." Defs. Mem. at 2. The problem with Geico's assertion is that (1) Exhibit B contains only "proposed" findings of fact, (2) these "proposed" findings are based on evidence presented at a trial in different case, and (3) none of the documents or testimony relied on are before the Court in this case (Geico did not submit any of these documents or transcripts with its motion for summary judgment). Accordingly, Geico has not met its burden in showing that there is no dispute of material fact.

Moreover, Geico has presented absolutely no legal basis for its bald assertion that Lucas should be bound by Judge Robinson's findings in the Wilson-Freeman case. Lucas was not a party to that case. Although there are limited circumstances in which a non-party may be bound

by a determination in a prior lawsuit, <u>see</u> 18A Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 4465.2 (2d ed. 2002), Geico has not provided any explanation as to why such issue preclusion would be appropriate here.

In light of Liberty Mutual's consent to this motion and plaintiff's lack of opposition, perhaps a more efficient approach would have been for plaintiff to file a stipulation of dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. However, Geico cannot use that consent and lack of opposition as grounds for granting an inadequately briefed motion for summary judgment.

### III.   CONCLUSION

For the forgoing reasons, Geico has failed to show that it is entitled to summary judgment and its motion for summary judgment is **DENIED without prejudice** to refiling with the necessary factual and legal support.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: